UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. 07-2155 SC |
|---|---|---|
| | ) | CR-87-0359 SC |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| v. | ) | DEFENDANT DENNIS CHAN |
| | ) | LAI'S MOTION TO |
| DENNIS CHAN LAI, | ) | <u>VACATE SENTENCE</u> |
| | ) | |
| Defendant. | ) | |
| | ) | |

### I. INTRODUCTION

The present matter is before the Court on the Motion to Vacate Sentence under 28 U.S.C. § 2255 ("Motion") filed pro se by the defendant Dennis Chan Lai ("Defendant" or "Mr. Lai"). Docket No. 1 & Docket No. 717 in original criminal case, Case No. CR-87-359.[1] The Government filed an Opposition and Mr. Lai filed several Replies. Docket Nos. 730, 732, 735. For the reasons discussed below, Mr. Lai's Motion is DENIED.

### II. BACKGROUND

In 1987, Mr. Lai was indicted by a federal grand jury in San Francisco in a 40-count indictment charging him with possession

---

[1] For sake of clarity, the Court will hereinafter reference the docket in case number CR-87-359.

with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), conspiracy in violation of 21 U.S.C. § 846, engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848, interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3), and possession of illegal weapons in violation of 26 U.S.C. § 5861(d) and (i).  Docket No. 1.  Mr. Lai was subsequently found guilty by a jury on 38 of the 40 counts and sentenced by this Court to life imprisonment, followed consecutively by a 20-year sentence and a 10-year sentence, along with several sentences to be served concurrently. Docket No. 425.

On July 12, 1988, Mr. Lai timely appealed his conviction on several grounds and, on July 26, 1995, after a remand for an evidentiary hearing, Mr. Lai's conviction was ultimately affirmed in its entirety by the Ninth Circuit.  Docket No. 429 (appeal); United States v. Lai, 944 F.2d 1434 (9th Cir. 1991) (affirming in part and remanding for evidentiary hearing); United States v. Mr. Lai, Nos. 92-10732, 92-10733, 1995 WL 444663, at *1 (9th Cir. 1995) (unpublished order finding that "the district court did not abuse its discretion either in its admission of the records or in the manner in which it held the evidentiary hearing").

On September 18, 1995, Mr. Lai filed a motion seeking to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(a).  Docket No. 619.  In this motion, Mr. Lai raised numerous claims, including ineffective assistance of counsel, double jeopardy, Fourth Amendment violations, inadmissible hearsay, Brady violations, and prosecutorial misconduct.  Id.

-2-

This Court denied the motion on October 10, 1995.  Docket No. 621. Mr. Lai quickly appealed this denial and, on August 12, 1996, the Ninth Circuit, in an unpublished order, construed the motion as one under 28 U.S.C. § 2255 and denied it.  Docket No. 623 (Mr. Lai's appeal); United States v. Mr. Lai, No. 95-10457, 1996 WL 468598, at *1 (9th Cir. 1996) (unpublished).  While this appeal was still pending, Mr. Lai, on November 6, 1995, filed a motion to correct his sentence pursuant to 28 U.S.C. § 2255, asserting that he had been subjected to double jeopardy as a result of certain civil forfeitures.  Docket No. 624.  This Court denied the motion on September 9, 1996.  Docket No. 650.

On April 28, 1997, Mr. Lai filed his third collateral attack on his sentence, styling the motion as one under 28 U.S.C. § 2255. Docket No. 668.  This Court denied this motion on June 24, 1997, finding that Mr. Lai had failed to obtain an order from the Ninth Circuit permitting him to file a successive § 2255 motion and stating that the motion merely raised the same arguments as the previous § 2255 motion.  Docket No. 677; see also Gov't Opp'n Ex. C at 2.

On November 25, 1997, Mr. Lai filed another motion to correct his sentence under Rule 35, arguing that his sentence was ambiguous in that it should have included an eventual possibility of parole.  Docket No. 680.  This Court, on March 12, 1998, denied the motion, stating "Lai's sentence is unambiguous.  He is not eligible for parole for the life term imposed on him for violation of [21 U.S.C.] Section 848."  Gov't Opp'n Ex. D at 5; Docket No. 694.

-3-

1    In the intervening time, Mr. Lai has, on four separate
2 occasions, sought authorization from Ninth Circuit to file
3 successive § 2255 motions. The Ninth Circuit denied all four
4 requests. See Gov't Opp'n Exs. E, F, G, H (Order denying
5 application to file successive petition in case 00-70993, dated
6 January 11, 2001; Order denying application to file successive
7 petition in case 01-70316, dated April 16, 2001; Order denying
8 application to file successive petition in case 04-72411, dated
9 July 15, 2004; Order denying application to file successive
10 petition in case 05-70046, dated February 15, 2005).
11    On April 13, 2007, Mr. Lai filed the present Motion asserting
12 various claims, including the following: he was prejudiced by the
13 fact that his original Rule 35 motion was characterized as a §
14 2255 claim; his sentence is illegal under Fiore v. White, 531 U.S.
15 225 (2001); prosecutorial misconduct; impermissible use of race as
16 a criteria in jury selection; Fourth amendment search and seizure
17 violations; and ineffective assistance of counsel.

### III. DISCUSSION

20    "Pro se complaints and motions from prisoners are to be
21 liberally construed." United States v. Seesing, 234 F.3d 456, 462
22 (9th Cir. 2000). Nonetheless, "[u]nder the Antiterrorism and
23 Effective Death Penalty Act ('AEDPA'), the opportunity to file
24 successive motions under 28 U.S.C. § 2255 is strictly limited."
25 Id. at 463. "Before filing a successive petition in the district
26 court, 28 U.S.C. § 2244(b)(3) requires [a petitioner] to make a
27 'prima facie showing' to [the Ninth Circuit] that his petition

-4-

would satisfy section 2244(b)(2)."  <u>Woratzeck v. Stewart</u>, 118 F.3d 648, 650 (9th Cir. 1997).  Section 2244 states, in part:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

Section 2255 states, in part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Mr. Lai has not sought authorization from the Ninth Circuit to file the instant Motion.  Without this authorization, this Court is statutorily precluded from entertaining the Motion.

Mr. Lai, in an effort to circumvent the need for this authorization, invokes <u>Castro v. United States</u>, 540 U.S. 375 (2003).  This reliance, however, is unavailing.  In <u>Castro</u>, the Court held that if a court construes a motion to be a § 2255 motion, it must first provide the defendant with various warnings regarding the consequences of such a characterization.  <u>Id.</u> at 383-84.  In particular, the Court was concerned with situations

-5-

1  where a defendant initially files a motion that is either
2  ambiguously titled or one that is styled as a Rule 35 or Rule 33
3  motion and that motion is subsequently construed by a court to be
4  a § 2255 motion.  The Court explained that "[s]uch
5  recharacterization can have serious consequences for the prisoner,
6  for it subjects any subsequent motion under § 2255 to the
7  restrictive conditions that federal law imposes upon a 'second or
8  successive' (but not upon a first) federal habeas motion." Id. at
9  377 (citing 28 U.S.C. § 2255).  In light of these consequences,
10 the Court held that a court

> cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.

17 Id. (emphasis in original).

18  It is undisputed that the Ninth Circuit construed Mr. Lai's
19 appeal of this Court's denial of his Rule 35 motion as a § 2255
20 motion.  See United States v. Mr. Lai, 1996 WL 468598, at *1
21 (unpublished decision) (stating "Dennis Chan Lai appeals pro se
22 the district court's denial of his Fed. R. Crim. P. 35(a) motion
23 to correct the life sentence that was imposed after a jury
24 convicted him in 1988 of racketeering and conspiracy to distribute
25 cocaine.  We treat this appeal as from the denial of a 28 U.S.C. §
26 2255 motion.")  Mr. Lai argues that because he did not receive the
27 warnings in 1996 that Castro now mandates, his present motion

-6-

1  cannot be considered a second or successive motion.

2  The issue of whether Castro applies retroactively remains
3  undecided. See, e.g., Castro, 540 U.S. at 383 (stating that the
4  Supreme Court's "'supervisory power' determinations normally
5  apply, like other judicial decisions, retroactively, at least to
6  the case in which the determination was made"); United States v.
7  Blackstock, 513 F.3d 128, 134 n.2 (4th Cir. 2008) (recognizing
8  Fourth Circuit precedent that "[n]ew rules of constitutional
9  criminal procedure are generally not applied retroactively on
10 collateral review," determining that granting relief in that case
11 does not "amount[] to retroactive application of Castro," and
12 holding that "Castro does not invalidate prior unwarned
13 recharacterizations of pro se filings, but instead establishes a
14 rule governing the effect that will be given to those unwarned
15 recharacterizations in the future, when a subsequent § 2255
16 petition is filed") (internal quotation marks omitted).

17 Even assuming, arguendo, however, that Castro were
18 retroactive, Mr. Lai's Motion would nonetheless be barred. Castro
19 was decided in 2003, but Mr. Lai did not file his Motion until
20 2007. Section 2255 states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

-7-

>        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Thus, under § 2255(f)(3), Mr. Lai had one year after the Supreme Court announced the new rule in <u>Castro</u> to file this Motion. And, even if <u>Castro</u> were to be made retroactive by the Supreme Court at a later date, the Supreme Court has already held that the one-year limitation period of § 2255(f) runs "from the date on which the right [asserted] was initially recognized by this Court," not the date on which the right asserted was made retroactively applicable. <u>Dodd v. United States</u>, 545 U.S. 353, 357 (2005). Thus, assuming for argument retroactive application of <u>Castro</u>, Mr. Lai's Motion was filed outside of the one-year limitations period contained in § 2255.

    Finally, on November 6, 1995, at the time Mr. Lai's Rule 35 motion was pending before the Ninth Circuit, he filed what he titled a § 2255 motion with this Court. Docket No. 624. That motion was denied on the merits. Docket No. 650; Gov't Opp'n Ex. B. In 1997, Mr. Lai filed another § 2255 motion, which this Court also denied, finding that it was both a successive petition filed without the appropriate authorization from the Ninth Circuit and that the motion was largely duplicative of the Rule 35 motion already denied on the merits by both this Court and the Ninth

1  Circuit.[2]  Thus, even if <u>Castro</u> did provide an avenue through
2  which Mr. Lai could argue that he was entitled to file a § 2255
3  motion after his Rule 35 motion, that § 2255 motion was already
4  filed on November 6, 1995.

**IV.  CONCLUSION**

For the reasons discussed herein, Mr. Lai's Motion is DENIED.

IT IS SO ORDERED.

Dated: January 5, 2009         

UNITED STATES DISTRICT JUDGE

---

[2]  It was this motion that was construed by the Ninth Circuit to be a § 2255 motion.

-9-